```
 1                   UNITED STATES DISTRICT COURT

 2            EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)

 3    UNITED STATES OF AMERICA,
                                    Case No. 4:20-cr-00179-SDJ-
 4                 Plaintiff,       KPJ-5, 17, 23, 37

 5    v.

 6    YANIRA YVETTE GONZALEZ, HECTOR
      ALONZO, SERGIO LUIS TEJEDA
 7    NUNEZ, and JOSE FERNANDO
      HERNANDEZ PERALES,
 8
                   Defendants.
 9    ------------------------------
      UNITED STATES OF AMERICA,     Case No. 4:20-cr-00267-MJT-1
10
                   Plaintiff,       Plano, Texas
11                                  November 28, 2023
      v.                            10:08 a.m.
12
      ENRIQUE ALEJANDRO PONCE
13    VAIDES,

14                 Defendant.

15

16            TRANSCRIPT OF CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
17               UNITED STATES MAGISTRATE JUDGE

18    APPEARANCES:
      For the Plaintiff:         Lesley Brooks, Esq.
19                               U.S. Attorney's Office
                                 600 East Taylor
20                               Suite 2000
                                 Sherman, TX 75090
21
      For the Defendant:         Roger E. Haynes, Esq.
22    (Gonzalez)                 for Philip Linder, Esq.
                                 Barrett Bright Lassiter Linder
23                               Perez
                                 3300 Oak Lawn Avenue
24                               Suite 700
                                 Dallas, TX  75219
25
```

```
 1    APPEARANCES (continued):

 2    For the Defendant:              Katherine L. Reed, Esq.
      (Alonzo)                        Udashen Anton
 3                                    8150 N. Central Expressway
                                      Suite M1101
 4                                    Houston, TX  75206

 5    For the Defendant:              Unknown
      (Vaides)
 6
      For the Defendant:              Unknown
 7    (Perales)

 8    For the Defendant:              Unknown
      (Nunez)
 9
      Court Recorder:                 MMC
10
      Transcription Service:         Chris Hwang
11                                   Abba Reporting
                                     PO Box 223282
12                                   Chantilly, Virginia  20153
                                     (518) 302-6772
13

14

15

16

17

18

19

20

21

22

23
      Proceedings recorded by electronic sound recording;
24    transcript produced by transcription service.

25
```

1          (Call to order at 10:08 a.m.)

2               THE COURT:  If you'll stand in the order that I call

3     your case and then the fifth case can please stand at the

4     podium with counsel.

5               420-CR-179, those are the four -- first four cases,

6     United States v. Yanira Yvette Gonzalez, Hector Alonzo, Sergio

7     Luis Tejeda Nunez, and Jose Fernando Hernandez Perales.  And

8     then 420-CR-267, United States v. Enrique Alejandro Ponce

9     Vaides.

10              MS. BROOKS:  Lesley Brooks for the Government on

11    these cases.

12              MR. HAYNES:  Mr. Haynes for Ms. Gonzalez.

13              THE COURT:  Good morning.

14              MR. HAYNES:  Your Honor, for the record, I'm standing

15    for Philip Linder.

16         (Counsel confers with the Clerk)

17              THE COURT:  Ma'am, sirs, please raise your right to

18    be sworn.

19         (The Defendants are sworn)

20              THE COURT:  All right, we're here this morning for

21    your change of plea hearing.  I'll ask you a series of

22    questions.  If you'll please answer my questions one at a time

23    and in the order that I called your case.

24              Please state your full name and age for the record?

25              MS. GONZALEZ (through interpreter):  Yanira Yvette

1    Gonzalez, 26 years old.

2              MR. ALONZO:  Hector Alonzo, 45.

3              MR. VAIDES (through interpreter):  Enrico Alejandro

4    Ponce Vaides, 32 years old.

5              MR. PERALES (through interpreter):  Jose Fernando

6    Perales, 59 years old.

7              MR. NUNEZ (through interpreter):  Sergio Luis Tejeda

8    Nunez, 42 years old.

9              THE COURT:  What is the last grade of school that

10   you've completed?

11             MS. GONZALEZ:  9th grade.

12             MR. ALONZO:  One year college.

13             MR. VAIDES:  Senior high.

14             MR. PERALES:  9th.

15             MR. NUNEZ:  High school.

16             THE COURT:  Have you ever been diagnosed with any

17   mental illness or problem?

18             MS. GONZALEZ:  No.

19             MR. ALONZO:  No.

20             MR. VAIDES:  No.

21             MR. PERALES:  No.

22             MR. NUNEZ:  No, Your Honor.

23             THE COURT:  Are you currently under the influence of

24   any drugs or alcohol?

25             MS. GONZALEZ:  No.

```
 1                  MR. ALONZO:  No.

 2                  MR. VAIDES:  No.

 3                  MR. PERALES:  No.

 4                  MR. NUNEZ:  No, Your Honor.

 5                  THE COURT:  Counsel, do you believe that your client

 6       is competent to proceed here today?

 7                  MR. HAYNES:  Yes, Your Honor.

 8                  MS. REED:  Yes, Your Honor.

 9                  UNIDENTIFIED SPEAKER:  Yes, Your Honor.

10                  UNIDENTIFIED SPEAKER:  Yes, Your Honor.

11                  THE COURT:  Counsel, do you believe your client is

12       competent to proceed here today?

13                  UNIDENTIFIED SPEAKER:  Yes, Your Honor.

14                  THE COURT:  Each of you have the right to have your

15       plea taken by the district judge that's assigned to your case

16       or you can have me, a United States magistrate judge, take your

17       plea and make a recommendation to the district court.

18                  Ms. Cox (phonetic), do we have waiver and consent

19       forms?

20                  THE COURT:  I've received waiver and consent forms to

21       proceed before me with your entry of guilty plea.  Can you

22       confirm for the record that you signed your waiver and consent

23       form?  It's this form right here.

24                  MS. GONZALEZ:  Yes.

25                  MR. ALONZO:  Yes, ma'am.
```

1              MR. VAIDES:  Yes.

2              MR. PERALES:  Yes.

3              MR. NUNEZ:  Yes, Your Honor.

4              THE COURT:  Did you review that document with your

5    attorney before you signed it?

6              MS. GONZALEZ:  Yes.

7              MR. ALONZO:  Yes.

8              MR. VAIDES:  Yes.

9              MR. PERALES:  Yes.

10             MR. NUNEZ:  Yes, Your Honor.

11             THE COURT:  I find the waiver and consent has been

12   knowingly and voluntarily given.  Each of you have been charged

13   with violations of federal criminal law in an underlying

14   indictment.  Have you received a copy of your indictment?

15             MS. GONZALEZ:  Yes.

16             MR. ALONZO:  Yes.

17             MR. VAIDES:  Yes.

18             MR. PERALES:  Yes.

19             MR. NUNEZ:  Yes, Your Honor.

20             THE COURT:  Each of you have the right to have your

21   indictment read aloud at this time or you may waive that right.

22   What would you like to do?

23             MS. GONZALEZ:  Waive it.

24             MR. ALONZO:  Waived.

25             MR. VAIDES:  I waive.

1              MR. PERALES:  I waive.

2              MR. NUNEZ:  Yes.

3              THE COURT:  You want to waive it?  Waive the reading?

4              MR. NUNEZ:  Yes.

5              THE COURT:  Okay, do each of you understand the

6    nature of the charges that are alleged against you?

7              MS. GONZALEZ:  Yes.

8              MR. ALONZO:  Yes, ma'am.

9              MR. VAIDES:  Yes.

10             MR. PERALES:  Yes.

11             MR. NUNEZ:  Yes, Your Honor.

12             THE COURT:  Mr. --

13             UNIDENTIFIED SPEAKER:  Your Honor for --

14             THE COURT:  Yeah, I'm getting ready to address that.

15   Mr. Perales, it's my understanding you're pleading guilty to an

16   Information.

17             I have a waiver of indictment form that's been signed

18   by you that advises you that while you have the right to

19   proceed of way of indictment, which means that a grand jury has

20   considered your case, you may waive that right and proceed by

21   way of Information.  Is that what you'd like to do?

22             MR. PERALES:  Yes.

23             THE COURT:  Okay, I find the waiver of indictment has

24   been given.  Have each of you had sufficient time to review and

25   discuss your case with your attorney?

1              MS. GONZALEZ:  Yes.

2              MR. ALONZO:  Yes, ma'am, I have.

3              MR. VAIDES:  Yes.

4              MR. PERALES:  Yes.

5              THE COURT:  Have you had sufficient time to review

6    and discuss your case with your attorney?

7              MR. PERALES:  Yes.

8              MR. NUNEZ:  Yes, Your Honor.

9              THE COURT:  Are you satisfied with the advice and

10   representation that you've been given?

11             MS. GONZALEZ:  Yes.

12             MR. ALONZO:  Yes, ma'am.

13             MR. VAIDES:  Yes.

14             MR. PERALES:  Yes.

15             MR. NUNEZ:  Yes, Your Honor.

16             THE COURT:  At this time, I'll ask the Assistant

17   United States Attorney to advise each of you of the elements of

18   the offense that you're pleading guilty to.  These are the

19   elements that the Government would be required to prove beyond

20   a reasonable doubt to establish your guilt if you were to go to

21   trial.

22             MS. BROOKS:  Your Honor, for Ms. Gonzalez, Mr.

23   Alonzo, Mr. Nunez, and even Mr. Perales, the elements are the

24   same.  The difference is going to be drug.  And when that's

25   required to be described, I will.

1          The essential elements for a violation of 21 USC

2     §846, conspiracy to possess with intent to distribute or

3     distribution of controlled substances are the following.

4          That the Defendant and one or more persons directly

5     or indirectly reached an agreement to commit the crime charged

6     in the Second Superseding Indictment.  For Mr. Perales, that's

7     the information.  That is to possess with intent to distribute

8     and distribution of controlled substances.

9          That the Defendant knew of the unlawful purpose of

10     the agreement.  That the Defendant joined the agreement

11     willfully, that is with the intent to further its unlawful

12     purpose.

13          For Ms. Gonzalez and for -- let's just do Ms.

14     Gonzalez, that she's agreeing that the overall scope of the

15     conspiracy involved a combined drug quantity of a mixture or

16     substance containing a detectable amount of marijuana and one

17     kilogram or more of heroin.

18          For Mr. Alonzo, that the overall scope of the

19     conspiracy involved 5 kilograms or more of a mixture or

20     substance containing a detectable amount of cocaine and 1

21     kilogram or more of a mixture or substance containing a

22     detectable amount of heroin.

23          For Mr. Nunez, he's also in the same boat as Mr.

24     Alonzo.  That's involving 5 kilograms or more of a mixture or

25     substance containable a detectable amount of cocaine and 1

1    kilogram or more of a mixture or substance containing a

2    detectable amount of heroin.

3         For Mr. Perales, that the overall scope of the

4    conspiracy involved a mixture or substance containing a

5    detectable amount of marijuana.

6         And then for Mr. -- well, I'll leave it as separate

7    if that's okay.

8         For these four, the final element is that you knew or

9    reasonably should have known that the scope of the conspiracy

10   involved a combined drug quantity of the same amounts I've just

11   said.  So, again, for Ms. Gonzalez, a detectable amount of

12   marijuana and 1 kilogram or more of heroin.

13        For Mr. Alonzo and Mr. Nunez, that you should have

14   known that the conspiracy involved 5 kilograms or more of a

15   mixture or substance containing a detectable amount of cocaine

16   and 1 kilogram or more of a mixture or substance containing a

17   detectable amount of heroin.

18        For Mr. Perales, that you knew or reasonably should

19   have known that the scope of the conspiracy involved a mixture

20   or substance containing a detectable amount of marijuana.

21        For Mr. Ponce, the elements for your offense are

22   different because you are charged with a different crime.

23        For a violation of 21 USC §963, conspiracy to

24   manufacture and distribute cocaine intending knowing and with

25   reasonable cause to believe that the cocaine will be unlawfully

1    imported into the United States.

2            The essential elements are the following.  That you

3    and one or more persons directly or indirectly reached an

4    agreement to commit the crime charged in the indictment.

5            That is, to manufacture and distribute cocaine

6    intending, knowing, and with reasonable cause to believe that

7    the cocaine will be unlawfully imported into the United States,

8    that you knew of the unlawful purpose of the agreement, that

9    you joined in the agreement willfully, that is with the intent

10   to further it's unlawful purpose, that the overall scope of the

11   conspiracy involved 5 kilograms or more of a mixture or

12   substance containing a detectable amount of cocaine, and that

13   you knew or reasonable should have known that the scope of the

14   conspiracy involved at least 5 kilograms or more of a mixture

15   or substance containing a detectable amount of cocaine.

16           THE COURT:  Thank you.

17           Do each of you understand the essential elements set

18   forth for your case?

19           MR. ALONZO:  Yes, I do.

20           MS. GONZALEZ:  Yes.

21           MR. VAIDES:  Yes.

22           MR. PERALES:  Yes.

23           MR. NUNEZ:  Yes, Your Honor.

24           THE COURT:  Do you admit that you committed each one

25   of those elements?

1          MS. GONZALEZ:  Yes.

2          MR. ALONZO:  Yes, ma'am.

3          MR. VAIDES:  Yes.

4          MR. PERALES:  Yes.

5          MR. NUNEZ:  Yes, Your Honor.

6          THE COURT:  I've received plea documents in each of

7   your cases consisting of a plea agreement, a plea agreement

8   addendum, and a factual basis.  Can you confirm for the record

9   that you signed each one of your plea documents?

10          MS. GONZALEZ:  Yes.

11          MR. ALONZO:  Yes, I did.

12          MR. VAIDES:  Yes.

13          MR. PERALES:  Yes.

14          MR. NUNEZ:  Yes, Your Honor.

15          THE COURT:  Did you review each one of those plea

16   documents with your attorney before you signed them?

17          MS. GONZALEZ:  Yes.

18          MR. ALONZO:  Yes, ma'am.

19          MR. VAIDES:  Yes.

20          MR. PERALES:  Yes.

21          MR. NUNEZ:  Yes, Your Honor.

22          THE COURT:  At this time, I'll review some of the

23   paragraphs that are contained in your plea agreement starting

24   with paragraph 1 entitled "Rights of the Defendant".

25          This paragraph lists constitutional rights that you

1  have to plead not guilty, to have a trial by a jury, to have

2  your guilt proved beyond a reasonable doubt, to confront and

3  cross-examine witnesses and call witnesses in your defense, and

4  to not be compelled to testify against yourself.

5        Do you understand that you have these constitutional

6  rights?

7        MS. GONZALEZ:  Yes.

8        MR. ALONZO:  Yes, ma'am.

9        MR. VAIDES:  Yes.

10        MR. PERALES:  Yes.

11        MR. NUNEZ:  Yes, Your Honor.

12        THE COURT:  Paragraph 2 states that if you plead

13  guilty in this case, you will waive those constitutional

14  rights.  Do you understand that?

15        MS. GONZALEZ:  Yes.

16        MR. ALONZO:  Yes, I do.

17        MR. VAIDES:  Yes.

18        MR. PERALES:  Yes.

19        MR. NUNEZ:  Yes, Your Honor.

20        THE COURT:  Paragraph 3 lists the statutory penalties

21  that can be imposed in your case.  They are the same for every

22  one with the exception of Mr. Perales.

23        So for each of you except Mr. Perales, the statutory

24  penalties are not less than 10 years and not more than life

25  imprisonment, a fine not to exceed $10,000,000 or both

1    imprisonment and a fine, Supervised Release of at least 5

2    years, and a mandatory special assessment of $100.

3              Mr. Perales, for your case, the statutory penalties

4    are if 1,000 kilograms or more of a mixture or substance

5    containing marijuana, not less than 10 years or more than life,

6    a fine not to exceed $10,000,000 or both imprisonment and a

7    fine, and Supervised Release of at least 5 years.

8              If 100 kilograms or more of a mixture containing

9    marijuana, imprisonment for not less than 5 years and not more

10   than 40 years, a fine not to exceed $5,000,000, and Supervised

11   Release of at least 4 years.

12             If 50 kilograms or more of a mixture containing

13   marijuana, imprisonment for not more than 20 years, a fine not

14   to exceed $1,000,000, and Supervised Release of at least 3

15   years.

16             If less than 50 kilograms of a mixture containing

17   marijuana, imprisonment for not more than 5 years, a fine not

18   to exceed $250,000 and Supervised Release of at least 2 years.

19   There's also a $100 special assessment.

20             Do each of you understand the statutory penalties

21   that can be imposed in your case?

22             MS. GONZALEZ:  Yes.

23             MR. ALONZO:  Yes, ma'am.

24             MR. VAIDES:  Yes.

25             MR. PERALES:  Yes.

1              MR. NUNEZ:  Yes, Your Honor.

2              THE COURT:  For paragraph 4 for Ms. Gonzalez, Mr.

3    Perales, and Mr. Nunez, discusses the Sentencing Guidelines,

4    but I'll ask each of you, have you had an opportunity to review

5    the applicable Guidelines provisions and range in your case

6    with your attorney?

7              MS. GONZALEZ:  Yes.

8              THE COURT:  No I do need to you to still answer that

9    question, Mr. Alonzo.  The United States Sentencing Guidelines,

10   have you had an opportunity to review those Guidelines as they

11   apply to your case with your attorney?

12             MR. ALONZO:  Yes, ma'am, I did.

13             MR. VAIDES:  Yes.

14             MR. PERALES:  Yes.

15             MR. NUNEZ:  Yes, Your Honor.

16             THE COURT:  Do each of you understand that while the

17   Court will also refer to those Guidelines in determining your

18   sentence, the Guidelines are not binding on the Court?

19             MS. GONZALEZ:  Yes.

20             THE COURT:  Mr. Alonzo?

21             MR. ALONZO:  Yes, ma'am.

22             MR. VAIDES:  Yes.

23             MR. PERALES:  Yes.

24             MR. NUNEZ:  Yes, Your Honor.

25             THE COURT:  Paragraph 5 for Ms. Gonzalez, Mr.

1    Perales, and Mr. Nunez entitled "Guideline Stipulations" list

2    certain Guidelines provisions that you and the Government agree

3    should apply in your case.

4           Do you understand that the Court is not bound by

5    these stipulations?

6           MS. GONZALEZ:  Yes.

7           MR. ALONZO:  Yes, ma'am.

8           THE COURT:  This is not you, Mr. Alonzo.  This only

9    applies to Mr. Perales and Mr. Nunez.

10          MR. ALONZO:  Yes.

11          MR. PERALES:  Yes.

12          MR. NUNEZ:  Yes, Your Honor.

13          THE COURT:  So in determining your sentence, if the

14   Court applies a different Guideline provision, do you

15   understand that you'll still be bound by this plea agreement?

16          MR. VAIDES:  Yes.

17          MR. PERALES:  Yes.

18          MR. NUNEZ:  Yes, Your Honor.

19          THE COURT:  All right, so for Mr. Alonzo and Mr.

20   Vaides, your paragraph 4 states that your plea agreement is

21   made pursuant to Federal Rule of Criminal Procedure

22   11(c)(1)(C).

23          That means that you and the Government agree that a

24   specific sentence is appropriate in your case.

25          The agreed upon sentence for you, Mr. Alonzo, is set

1    forth in subparagraphs (a) through (e) and is as follows.

2           You will serve a term of 240 months imprisonment.

3    You will serve a term of 5 years Supervised Release.  You will

4    not be required to pay any fines.  The Court will determine and

5    impose any restitution or community service.  And you will pay

6    the mandatory special assessment of $100 at or prior to the

7    sentencing hearing.

8           Is that your understanding of the agreement you've

9    made with the Government?

10          MR. ALONZO:  Yes, ma'am.

11          THE COURT:  Mr. Vaides, your paragraph 4 lists the

12   (c)(1)(C) agreement in subparagraphs (a) through (e) and is as

13   follows.

14          You've agreed to a sentence of 70 months

15   imprisonment.  You will pay the mandatory special assessment of

16   $100 at or prior to the sentencing hearing.

17          The Court will determine and impose any fine,

18   community service, or term of Supervised Release.  You agree to

19   identify all assets that may be forfeitable under the terms of

20   this agreement prior to sentencing.  And you stipulate that

21   venue is appropriate in the Eastern District of Texas.

22          Is that your understanding of the agreement you've

23   made with the Government?

24          MR. VAIDES:  Yes.

25          THE COURT:  Mr. Alonzo and Mr. Vaides, do you

1    understand that the Court may decline to accept this agreement?

2              MR. ALONZO:  Yes, I do.

3              MR. VAIDES:  Yes.

4              THE COURT:  If that happens, you'll have two options.

5    One option is to withdraw your guilty plea.  Do you understand

6    that?

7              MR. ALONZO:  Yes, I do.

8              MR. VAIDES:  Yes.

9              THE COURT:  The other option is to maintain your

10   guilty plea and be sentenced outside of this (c)(1)(C)

11   agreement.  Do you understand?

12             MR. ALONZO:  Yes, I do.

13             MR. VAIDES:  Yes.

14             THE COURT:  Each of you have a voluntary plea

15   paragraph in your plea agreement.  It's paragraph 9 or 10 for

16   each of you, which states that your plea of guilty is freely

17   and voluntarily made.

18             Has anyone tried to force you or threaten you to

19   plead guilty in this case, ma'am?

20             MS. GONZALEZ:  No.

21             MR. ALONZO:  No, ma'am.

22             MR. VAIDES:  No.

23             MR. PERALES:  No.

24             MR. NUNEZ:  No, Your Honor.

25             THE COURT:  Other than this written plea agreement,

1   have any promises or assurances been made to you in effort to

2   get you to plead guilty?

3              MS. GONZALEZ:  No.

4              MR. ALONZO:  No, ma'am.

5              MR. VAIDES:  No.

6              MR. PERALES:  No.

7              THE COURT:  Mr. Nunez?

8              MR. NUNEZ:  No, Your Honor.

9              THE COURT:  The next paragraph, waiver of right to

10  appeal or otherwise challenge your sentence states that you're

11  agreeing to give up your appellate rights in this case with the

12  exception of two limited circumstances.

13             One of those circumstances is your right to appeal or

14  seek collateral review for a claim of ineffective assistance of

15  counsel.

16             The other is your right to appeal any sentence that

17  exceeds the statutory maximum or for those of you who have

18  (c)(1)(C) agreements, if the Court accepts your (c)(1)(C)

19  agreement, but then fails to sentence you within the terms of

20  your agreement.

21             Are you in fact agreeing to give up your appellate

22  rights in this case with the exception of those two

23  circumstances?

24             MS. GONZALEZ:  Yes.

25             MR. ALONZO:  Yes, ma'am.

1          MR. VAIDES:  Yes.

2          MR. PERALES:  Yes.

3          MR. NUNEZ:  Yes, Your Honor.

4          THE COURT:  I believe that each of you have an

5    immigration status consequences paragraph in your plea

6    agreement with the exception of Mr. Alonzo.

7          Are each of you citizens of the United States?

8          MS. GONZALEZ:  Me?  Yes.

9          THE COURT:  Okay, disregard the immigration status

10   consequences paragraph.  Mr. Alonzo, you're a citizen of the

11   United States, correct?

12         MR. ALONZO:  Yes, ma'am, from Texas.

13         THE COURT:  All right, okay, Mr. Vaides, are you a

14   citizen of the United States?

15         MR. VAIDES:  No.

16         THE COURT:  Mr. Perales?

17         MR. PERALES:  No, I am a naturalized American

18   citizen.

19         THE COURT:  Okay, I don't think this will apply to

20   you, but I'm going to advise you of it any ways because it may

21   because of your -- the status of your citizenship.

22         So for Mr. Vaides, Mr. Perales, and Mr. Nunez, do you

23   understand that if you plead guilty in this case, after you

24   serve the sentence that is imposed, you -- if you're not a

25   citizen, you're likely to be deported.

1               Mr. Nunez, you may be deported.  Do you each of you

2  understand that?

3               MR. VAIDES:  Yes.

4               MR. PERALES:  Yes.

5               MR. NUNEZ:  Yes, Your Honor.

6               THE COURT:  Do you also understand that if you plead

7  guilty in this case, you may likely not be able to become a

8  citizen of the United States?

9               MR. VAIDES:  Yes.

10               MR. PERALES:  Yes.

11               MR. NUNEZ:  Yes, Your Honor.

12               THE COURT:  For Ms. Gonzalez and Mr. Alonzo, do you

13  understand that if you plead guilty in this case, you will lose

14  certain rights that you now have as a citizen to serve on a

15  jury, to vote, and to possess a firearm?

16               MS. GONZALEZ:  Yes.

17               MR. ALONZO:  Yes, I do.

18               THE COURT:  The changes that are made in the plea

19  agreement for Ms. Gonzalez, have those been initialed by all

20  parties?

21               MS. BROOKS:  I believe so.

22               MR. HAYNES:  Yes, Your Honor.

23               THE COURT:  I did not see for Mr. Vaides one of the

24  terms of his (c)(1)(C) agreement is to identify all assets.  Is

25  there not a forfeiture provision in his plea agreement?  Just

1    want to make sure I didn't miss it because that should probably

2    in there.

3            MS. BROOKS:  Your Honor, I do not believe that --

4            THE COURT:  Yeah, I don't see one.  Okay.

5            UNIDENTIFIED SPEAKER:  Your Honor?

6            THE COURT:  Yes.

7            UNIDENTIFIED SPEAKER:  I'm sorry.  (Indiscernible).

8            THE COURT:  Yes.  All right, at this time, we'll

9    review the underlying factual basis for each case.

10           Ms. Brooks, if you'll please summarize those.

11           MS. BROOKS:  Yes, Your Honor.  For Ms. Gonzalez, Mr.

12   Alonzo, and Mr. Nunez, each one of these Defendants that are

13   changing their pleas are the people that are identified in the

14   Second Superseding Indictments.  The events described in the

15   Second Superseding Indictments occurred in the Eastern District

16   of Texas and elsewhere.

17           Particularly for Ms. Gonzalez, she and one or more

18   persons in some way or manner made an agreement to commit the

19   crime charged in the Second Superseding Indictment, that is to

20   knowingly and intentionally possess with the intent to

21   distribute a combined drug quantity of marijuana and at least 1

22   kilogram, but less than 3 kilograms of heroin.

23           For Mr. Alonzo, he and one or more persons in some

24   way or manner made an agreement to commit the crime charged in

25   the Second Superseding Indictment.

1    And that is to knowingly and intentionally possess

2    with intent to distribute a mixture or substance containing

3    heroin and cocaine.

4    And then specifically for Mr. Nunez, his factual lays

5    out that he also agreed with one or more persons to commit the

6    crime charged in the Second Superseding Indictment and to

7    specifically to possess with the intent to manufacture and

8    distribute 12 kilograms of a mixture or substance contained a

9    detectable amount of cocaine and 2 kilograms of a mixture or

10   substance containing a detectable amount of heroin.

11   Each one of them knew the unlawful purpose of the

12   agreement and joined in it with intent to further it.

13   Each one of them knew or reasonably should have known

14   the scope of the conspiracy involved the amounts that I've just

15   gone over for each of them.

16   And they -- the quantity that was distributed or

17   possessed with intent to distribute by the conspiracy occurred

18   while the Defendant was a member of the conspiracy and was

19   foreseeable to the Defendant and part of jointly undertaken

20   criminal activity.

21   For -- and specifically for Mr. Nunez, again,

22   he -- it lays out the specific amounts that he knew were

23   involved -- knew that during the term of the conspiracy, it

24   involved 12 kilograms or more of a mixture or substance

25   containing a detectable amount of cocaine and 2 kilograms and a

1   mixture or a substance containing a detectable amount of

2   heroin.

3          Again, this was involved during the conspiracy after

4   he entered it, was reasonably foreseeable to him, and part of

5   jointly undertaken activity.

6          For Mr. Perales, he pled to an Information.  He is

7   the person named in that Information.  The events described

8   occurred in the Eastern District of Texas and elsewhere.

9          He and one or more persons in some way or manner made

10  an agreement to commit the crime charged in the Information.

11  That is, to knowingly and intentionally possess with intent to

12  distribute a mixture or substance containing a detectable

13  amount of marijuana.

14         And you knew the unlawful purpose of the agreement

15  and joined in it with the intent to further it.

16         He knew or reasonably should have known that the

17  scope of the conspiracy involved a mixture or substance

18  containing a detectable amount of marijuana.

19         Again, this quantity was distributed or possessed

20  with intent to distribute by this conspiracy while he was a

21  member of the conspiracy, was foreseeable to him and part of

22  jointly undertaken activity.

23         Finally, for Mr. Ponce, that he is also the person

24  that is named in the indictment.  And that he and one are more

25  persons in some way or manner made an agreement to commit the

1    crime charged in the indictment to manufacture and distribute 5

2    kilograms or more of a mixture or substance containing a

3    detectable amount of cocaine intending, knowing, and with

4    reasonable cause to believe that the cocaine would be

5    unlawfully imported into the United States.  He knew the

6    unlawful purpose of the agreement and joined in it with the

7    intent to further it.

8         They knew the amount involved during the term of the

9    conspiracy involved at least 450 kilograms of a mixture or

10   substance containing a detectable amount of cocaine.

11        This amount was involved in the conspiracy after he

12   entered the conspiracy, was reasonably foreseeable to him, and

13   part of jointly undertaken activity.

14        Finally, he conspired with others to import,

15   manufacture, or distribute 450 kilograms or more of a mixture

16   or substance containing a detectable amount of cocaine knowing

17   that it would be unlawfully imported into the United States.

18        THE COURT:  Thank you.

19        Is everything in your factual basis true and correct?

20        MS. GONZALEZ:  Correct.

21        MR. ALONZO:  Correct.

22        MR. VAIDES:  Yes.

23        MR. PERALES:  Yes.

24        MR. NUNEZ:  Yes, Your Honor.

25        THE COURT:  Are there any changes that you'd like to

1    make to it at this time?

2              MS. GONZALEZ:  No.

3              MR. ALONZO:  No, ma'am.

4              MR. VAIDES:  No, ma'am.

5              MR. PERALES:  No.

6              MR. NUNEZ:  No, Your Honor.

7              THE COURT:  All right in your own words, please

8    summarize the criminal conduct that you are pleading guilty to?

9              MS. GONZALEZ:  I was responsible for distributing 1

10   kilo or under 3 kilos of heroin and marijuana.

11             THE COURT:  All right, are both counsel satisfied

12   there's a factual basis to support this plea?

13             MS. BROOKS:  Yes, Your Honor.

14             MR. HAYNES:  Yes, Your Honor.

15             THE COURT:  All right, Mr. Alonzo?

16             MR. ALONZO:  I seem to have forgot of what the lady

17   excuse me what you were reading out loud at first.  I

18   just -- now I just blanked out what she was actually reading

19   from.

20             THE COURT:  Okay, sir.

21             MR. ALONZO:  But I agree with --

22             THE COURT:  Well --

23             MR. ALONZO:  -- what is was though.

24             THE COURT:  Okay, let me ask you a few specific

25   questions.  Your factual basis states that you and others

1    distributed at least 1 kilogram, but less than 3 kilograms of a

2    mixture containing heroin and at least 5 kilograms but less

3    than 15 kilograms of a mixture containing cocaine.  Is that

4    correct?

5              MR. ALONZO:  Correct.

6              THE COURT:  Okay, are both counsel satisfied there's

7    a factual basis to support this plea?

8              MS. BROOKS:  Yes, Your Honor.

9              MS. REED:  Yes, Your Honor.

10             THE COURT:  All right.  Mr. Vaides?

11             MR. VAIDES:  I agreed with other people to distribute

12   cocaine knowing that it would be imported to the United States.

13             THE COURT:  Okay and specifically did you and others

14   intend to distribute 450 kilograms or more of cocaine?

15             MR. VAIDES:  Yes.

16             THE COURT:  Are both counsel satisfied there's a

17   factual basis to support this plea?

18             MS. BROOKS:  Yes, Your Honor.

19             UNIDENTIFIED SPEAKER:  Yes, Your Honor.

20             THE COURT:  All right, Mr. Perales?

21             MR. PERALES:  I am guilty of an amount of marijuana.

22             THE COURT:  All right, and the factual basis states

23   that your specific role in the conspiracy was to store

24   marijuana from various sources, which would be then be provided

25   to co-conspirators and distributed in the Eastern and Northern

1    Districts of Texas.  Is that correct?

2            MR. PERALES:  Yes.

3            THE COURT:  Are both counsel satisfied there's a

4    factual basis to support this plea?

5            MS. BROOKS:  Yes, Your Honor.

6            UNIDENTIFIED SPEAKER:  Yes, Your Honor.

7            THE COURT:  Mr. Nunez?

8            THE INTERPRETER:  I'm sorry, the interpreter needs

9    repetition.

10           MR. NUNEZ:  I was offered to obtain a person to

11   transport drugs.

12           THE COURT:  All right, and specifically, did you and

13   others intend to distribute 12 kilograms of a mixture

14   containing cocaine and 2 kilograms of a mixture containing

15   heroin?

16           MR. NUNEZ:  Yes, Your Honor.

17           THE COURT:  Are both counsel satisfied there's a

18   factual basis to support this plea?

19           MS. BROOKS:  Yes, Your Honor.

20           UNIDENTIFIED SPEAKER:  Yes, Your Honor.

21           THE COURT:  All right, Defense counsel, have each of

22   you had sufficient time to review and discuss this case with

23   your client?

24           MR. HAYNES:  Yes, Your Honor.

25           MS. REED:  Yes, Your Honor.

 1                    UNIDENTIFIED SPEAKER:  Yes, Your Honor.

 2                    UNIDENTIFIED SPEAKER:  Yes, Your Honor.

 3                    UNIDENTIFIED SPEAKER:  Yes, Your Honor.

 4           THE COURT:  Do you join in your client's decision to

 5    plead guilty?

 6           MR. HAYNES:  Yes.

 7           MS. REED:  Yes.

 8                    UNIDENTIFIED SPEAKER:  Yes.

 9                    UNIDENTIFIED SPEAKER:  Yes.

10                    UNIDENTIFIED SPEAKER:  Yes, Your Honor.

11           THE COURT:  All right, and before I'll ask each of

12    you how you plead, but before I do that, from Ms. Gonzalez, I

13    want to make sure I don't forget.

14           For the factual basis, if this hasn't already been

15    done, counsel just needs to make those same corrections that

16    you did in the plea agreement.  It says for superseding

17    indictment right now.  Have they already been made?

18           THE CLERK:  Here.

19           THE COURT:  Yeah, I don't have the original in front

20    of me.

21           THE CLERK:  Oh.

22           THE COURT:  Thank you.  All right, Ms. Gonzalez, as

23    to Count 1 of the Second Superseding Indictment charging a

24    violation of 21 United States Code 846, conspiracy to possess

25    with intent to distribute a mixture or substance containing

1    heroin and marijuana, how do you plead, guilty or not guilty?

2            MS. GONZALEZ:  Guilty.

3            THE COURT:  Mr. Alonzo, as to Count 1 of the Second

4    Superseding Indictment charging a violation of 21 United States

5    Code 846, conspiracy to possess with the intent to distribute

6    and distribution of controlled substances, how do you plead,

7    guilty or not guilty?

8            MR. ALONZO:  I plead guilty.

9            THE COURT:  Mr. Vaides, as to Count 1 of the

10   indictment charging a violation of 21 United States Code 963,

11   conspiracy to manufacture and distribute cocaine intending

12   knowing, and with reasonable cause to believe that the cocaine

13   will be unlawfully imported into the United States, how do you

14   plead, guilty or not guilty?

15           MR. VAIDES:  I plead guilty.

16           THE COURT:  Mr. Perales, as to Count 1 of the

17   Information charging a violation of 21 United States Code 846,

18   conspiracy to possess with the intent to distribute marijuana,

19   how do you plead, guilty or not guilty?

20           MR. PERALES:  Guilty.

21           THE COURT:  And Mr. Nunez, as to Count 1 of the

22   second superseding indictment charging a violation of 21 United

23   States Code 846, conspiracy to possess with the intent to

24   manufacture and distribute cocaine and heroin, how do you

25   plead, guilty or not guilty?

 1              MR. NUNEZ:  Guilty, Your Honor.

 2              THE COURT:  I'll accept each of your pleas of guilty.

 3   The Court finds that each of you are competent to plead, you've

 4   had assistance of counsel, you understand your trial rights and

 5   the nature of the charges that are alleged against you.  You

 6   understand the statutory penalties that can be imposed in your

 7   case.

 8              And while the Court will refer to the Sentencing

 9   Guidelines in determining your sentence, those Guidelines are

10   not binding on the Court.

11              I do find that your plea is knowing and voluntary.

12   There is a factual basis to support your plea.  I will make a

13   recommendation that the district court accept your plea of

14   guilty.  You do have 14 days to make an objection to that

15   recommendation.

16              Anything further as to Ms. Gonzalez, Mr. Alonzo?

17              MR. HAYNES:  No, Your Honor.

18              THE COURT:  Or Mr. Perales?

19              MS. REED:  No, Your Honor.

20              UNIDENTIFIED SPEAKER:  No, Your Honor.

21              THE COURT:  All right, we'll stand adjourned as to

22   those three cases.

23              As for Mr. Nunez --

24              UNIDENTFIIED SPEAKER:  Still do not have a response.

25              THE COURT:  All right.  Mr. Nunez, actually,

1    is -- he's got a motion to modify conditions.  I guess we won't

2    release that until we even know if he's eligible.

3           Mr. Nunez, just so you understand, I don't know if

4    counsel's had an opportunity to talk with you, because you have

5    pled guilty to a mandatory detention offense, I don't have

6    discretion to allow you to remain on conditions even though I

7    do have a report from Pre-Trial Services that you have been

8    compliant with your conditions.

9           Under the statute, the Government has to state a

10   sufficient reason for the Court to allow you to be able to

11   remain on release.  And because Ms. Rattan is not present,

12   we're trying to get an answer from her right now, but I think

13   we're still waiting on that.

14          So at this time, if you'll just have a seat, I'm not

15   going to make any kind of ruling on that.  And depending on

16   when we hear back, I'll call you back up, okay?

17          MR. NUNEZ:  Yes, Your Honor.

18          THE COURT:  I think that's the only issue.  Are there

19   any other issues that the Court needs to address?

20          MS. BROOKS:  I don't believe so.

21          THE COURT:  Everybody else is in detention?  All

22   right, we'll stand adjourned.

23      (Proceedings concluded at 10:46 a.m.)

24

25

1    **CERTIFICATE**

2

3

4         I, Chris Hwang, court approved transcriber, certify

5    that the foregoing is a correct transcript from the official

6    electronic sound recording of the proceedings in the above-

7    entitled matter.

8

9

10

11         /s/ *Chris Hwang*

12    _____          July 30, 2024

13    Chris Hwang                   Date

14    Court Reporter

15

16

17

18

19

20

21

22

23

24

25